UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA ANN THOMAS, as mother and next friend of A.T., a minor,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 03-1791 (CKK) |

**MEMORANDUM OPINION**
(November 6, 2006)

      Currently before the Court is Plaintiff's Motion for Payment of Attorney's Fees and Costs for Court Proceedings, in which Plaintiff seeks attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (2000). Pl.'s Mot. for Pmt. of Att'ys Fees and Costs for Ct. Proceedings (hereinafter "Pl.'s Mot. for Att'ys Fees") at 1-2. Plaintiff seeks fees and costs arising out of two administrative hearings as well as the motion for summary judgment addressed in this Court's July 19, 2005 Memorandum Opinion. Pl.'s Reply to Def.'s Opp'n. to Pl.'s Mot. for Pmt. of Att'ys Fees and Costs for Court Proceedings (hereinafter "Pl.'s Reply") at 1.[1] In response to Plaintiff's Motion, Defendants assert: (1) that Plaintiff was not a prevailing party in all claims alleged in her complaint and therefore is entitled

---

[1] Plaintiff's Motion initially sought attorney's fees arising only out of the judicial proceeding, stating that the parties had settled Plaintiff's claims for attorney's fees in the underlying administrative proceedings. Pl.'s Mot. at 4. In her subsequent Reply, Plaintiff corrected her earlier representation, noting that Defendant had only made a partial payment on the attorney's fees incurred in the underlying administrative proceeding, and asserted that her motion sought attorney's fees and costs for both the administrative and the judicial proceedings. Pl.'s Reply at 1.

only to limited attorney's fees; (2) that Plaintiff has failed to show the reasonableness of the award requested; and (3) that regardless of the amount of any award the Court may order, the District of Columbia's liability for payment of attorney's fees is limited by a $4,000-per-proceeding statutory fee cap. Def.'s Resp. to Pl.'s Reply to Def.'s Opp'n. to Pl.'s Mot. for Pmt. of Att'ys Fees and Costs for Court Proceedings (hereinafter "Def.'s Resp.") at 4. Upon a review of the relevant filings, the attached exhibits, and the pertinent case law, the Court determines that Plaintiff was the "prevailing party" as to some, but not all, of the claims raised before this Court and is therefore entitled to limited attorney's fees. The Court shall refer Plaintiff's Motion for Payment of Attorney's Fees and Costs to Magistrate Judge Kay for a Report and Recommendation regarding the proper fee award, in light of Plaintiff's limited success and Defendant's arguments concerning the reasonableness of Plaintiff's fee request.

## I: BACKGROUND

The Court shall assume familiarity with the Court's July 19, 2005 Memorandum Opinion denying-in-part Plaintiff's Motion for Summary Judgment and granting-in-part and denying-in-part Defendant's Cross-Motion for Summary Judgment, *Thomas v. District of Columbia*, 407 F. Supp. 2d 102 (D.D.C. 2005), which includes an extensive discussion of the facts underlying this action. Plaintiff A.T. is a disabled seventeen (17) year-old who has been found eligible for special education by District of Columbia Public Schools ("DCPS"). *Id.* at 104.[2] A.T. was placed in DCPS in June 1996, but was not referred for evaluation and assessment of special education needs as required by the then-controlling statute. *Id.* In November 1998, Lisa Ann

---

[2] Plaintiff A.T., born April 28, 1989, was fourteen (14) years-old when the Complaint was filed in this action and sixteen (16) years-old at the time of the Court's July 19, 2005 Memorandum Opinion. *Thomas*, 407 F. Supp. 2d at 104.

Thomas, A.T.'s mother, filed a written request that DCPS assess and evaluate her son for special education needs, and on February 3, 1999, Ms. Thomas filed a request for a Due Process hearing to challenge DCPS's failure to evaluate A.T. in a timely manner.  *Id.*  On April 26, 1999, DCPS drafted and subsequently developed an IEP for A.T.; Ms. Thomas requested DCPS re-evaluate that IEP on February 15, 2000.  *Id.*

On February 15, 2000, DCPS conducted a Due Process hearing, approximately one (1) year after the initial request was made.  *Id.*  In the resulting decision, the Hearing Officer (1) ordered DCPS to complete neurological and psychological evaluations of A.T., (2) outlined the steps to be taken to address compensatory services, and (3) gave the family the right to a new hearing if concerns over compensatory services were not resolved.  *Id.*  Pursuant to a new hearing request on August 7, 2002, DCPS issued a placement notice in September 2002 and appropriately placed A.T. at High Road School.  *Id.*  In March 2003, Ms. Thomas amended her pending hearing request from August 2002 to seek only compensatory services for the denial of free appropriate public education ("FAPE"), and on May 28, 2003 the parties participated in a Due Process hearing on this request with Hearing Officer Terry Michael Banks presiding.  *Id.* at 105.  At this hearing, DCPS presented no witnesses, entered no exhibits other than Plaintiff's hearing request and its disclosure statement, and offered no closing.  *Id.*  DCPS did not present, and the Hearing Officer did not discuss, the potential impact of claim preclusion and *res judicata* on Plaintiff's claims.  *Id.*  Plaintiff, on the other hand, offered uncontested testimony and presented numerous exhibits in support of her argument that A.T. was denied FAPE from June 1996, the date the DCPS retained A.T. without referral, until September 9, 2002, the date DCPS placed A.T. at High Road School.  *Id.*  Plaintiff sought compensatory services for a six (6) year

denial of FAPE, in the form of one-on-one tutoring at the rate of 200 hours per academic year/special education summer school.  *Id.*

In the June 30, 2003 Hearing Officer Determination ("H.O.D.") resulting from the May 28, 2003 hearing, the Hearing Officer found that DCPS was only responsible for failing to comply with the November 30, 2001 H.O.D., and awarded compensatory education only for the period from that date until September 2002 when A.T. was properly placed.  *Id.*  The Hearing Officer based his decision almost entirely on *res judicata* and claim preclusion, which he raised *sua sponte* in his H.O.D.  *Id.*  Plaintiff filed a Motion for Reconsideration on July 20, 2003, which the Hearing Officer denied on August 1, 2003, two (2) days after the initial deadline for filing an appeal on the H.O.D. had passed.  *Id.*  A typographical error in the June 30, 2003 H.O.D. was corrected subsequently on August 4, 2003 and the new ruling reset the thirty (30) day time limit for appeals of the Hearing Officer's decision to this Court.  *Id.*  Plaintiff filed her Complaint in this action on August 26, 2003 – safely within the period of appeals.  *Id.*

Plaintiff's Complaint included ten (10) Counts, some of which Plaintiff abandoned at the summary judgment stage.  *Id.*  Eight of these ten Counts alleged various infirmities in the administrative process, while two of the Counts, Counts VI and VII, asserted that the Hearing Officer had incorrectly applied the law in connection with the June 30, 2003 H.O.D. and subsequent rulings.  *Id.* at 105-06.  Plaintiff's Complaint sought eight separate forms of relief, including reversal of the various H.O.D.s and remand of the matter to a different Hearing Officer, and an order instructing DCPS to fund 1200 hours of one-on-one private tutoring for A.T., as well as six other forms of declaratory and injunctive relief directed toward remedying the infirmities Plaintiff perceived in the administrative process.  Compl. at 18.

Plaintiff's Motion for Summary Judgment raised five arguments: (1) that the Hearing Officer was biased in favor of DCPS; (2) that the Hearing Officer engaged in *ex parte* communication with DCPS; (3) that DCPS's arrangement with the Hearing Officer ensured that the Hearing Officer was a DCPS "employee"; (4) that the June 30, 2003 H.O.D. and subsequent rulings were not supported by fact and were erroneous as a matter of law; and (5) that the Hearing Officer wrongfully delayed ruling on Plaintiff's Motion to Reconsider until the right to appeal had apparently expired. *Thomas*, 407 F. Supp. 2d at 109. Defendant disputed each of these arguments and moved for summary judgment on the grounds that the evidence in the record supported the Hearing Officer's decision. *Id.*

In its July 19, 2005 Memorandum Opinion on the cross-motions for summary judgment, this Court summarized Plaintiff's Motion for Summary Judgment by stating:

> Plaintiff's appeal raises two major questions. The first question is whether the integrity of the proceedings was compromised because the Hearing Officer was biased. The second question is whether the H.O.D. was legally and factually supported. While Plaintiff does not present sufficient evidence to establish Hearing Officer bias, the Court finds that the Hearing Officer impermissibly limited the time period for which compensatory education could be awarded.

*Id.* Specifically, the Court denied Plaintiff's Motion for Summary Judgment with respect to her claims that the Hearing Officer was biased, engaged in *ex parte* communication with DCPS, was a DCPS employee, and wrongfully delayed ruling on Plaintiff's Motion for Reconsideration. *Id.* at 109-10. As to Plaintiff's claim that the June 30, 2003 H.O.D. lacked legal and factual support, the Court concluded "that the Hearing Officer erroneously limited the time period for which compensatory education is available" because "each of the prior H.O.D.'s included language specifically aimed at preventing the kind of claim preclusion or *res judicata* ruling entered by

Hearing Officer Banks in his June 30, 2003 H.O.D." and because "each of these earlier rulings constituted a constructive finding of a denial of FAPE and a violation of the IDEA." *Id.* at 115. However, as this Court could not "determine the appropriate amount of compensatory services based on the information in the Record" *id.*, this Court remanded the case back to the administrative level with instructions that "[o]n remand, the administrative proceedings should focus on the amount of assistance required to put A.T. in the position he should have been in had he not been denied FAPE from June 1996 to September 2002." *Id.* at 116.

Plaintiff asserts, and Defendant does not contest, that on remand the DCPS Hearing Officer ordered the parties "to reconvene an MDT/IEP meeting . . . to discuss and agree on [A.T.'s] entitlement to compensatory education." Pl.'s Mot. for Att'ys Fees ¶ 3. Plaintiff further asserts that "[o]n February 3, 2006, the MDT/IEP team met and awarded [A.T.] 1200 hours of one-on-one private individual tutoring in satisfaction of [A.T.'s] entitlement to compensatory education." *Id.* ¶ 4. Plaintiff's counsel submitted his statement for attorney's fees directly to DCPS' Office of General Counsel on February 5, 2006 and received no response. *Id.* ¶¶ 5-6. Plaintiff therefore filed her Motion for Payment of Attorney's Fees and Costs with this Court on March 2, 2006. Pl.'s Mot. for Att'ys Fees. On August 15, 2006, Defendant filed an Opposition to Plaintiff's Motion for Attorney's Fees asserting that Plaintiff's Motion failed to attach any documentation to support her award request. *See generally* Def.'s Opp'n. to Pl.'s Mot. for Att'ys Fees. On the same day, Plaintiff filed a more detailed Reply, with the supporting billing records appended. On August 25, 2006, Defendant filed a Response to Plaintiff's Reply, in which Defendant challenged specific aspects of Plaintiff's fee request. *See generally* Def.'s Resp. Plaintiff responded with a Sur-Rebuttal on September 1, 2006, and Defendant submitted an

additional Praecipe on October 2, 2006.

## II: LEGAL STANDARDS

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Although the IDEA does not define "prevailing party," the Supreme Court has held that a plaintiff is a prevailing party for the purposes of being awarded attorneys' fees when the party has secured, *inter alia*, a judgment on the merits or a court-ordered consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600, 603-04, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). In both of these situations, there has been a "'material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" *Id.* at 604, 121 S. Ct. 1835 (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989)).

While the Supreme Court did not address fees in the specific context of the IDEA, it noted that its reasoning applied to analogous fee-shifting statutes. *Id.* at 602-03 & n.3; 121 S. Ct. 1835. In addition, numerous circuits have concluded that *Buckhannon*'s "prevailing party" standard applies to requests for attorneys' fees under the IDEA. *See Alegria v. Dist. of Columbia*, 391 F.3d 262, 264-65 (D.C. Cir. 2004); *Armstrong v. Vance*, 328 F. Supp. 2d 50, 57 (D.D.C. 2004) (citing decisions from several different circuits). Attorneys' fees are available to a "prevailing party" under the IDEA, regardless of whether that party prevails at the administrative or the judicial level. *Moore v. Dist. of Columbia*, 907 F.2d 165, 176 (D.C. Cir. 1990). However, attorneys' fees are not available under the IDEA for private settlements. *Alegria*, 391 F.23d at 269.

Where a party prevails on only some of his claims for relief, the Supreme Court has instructed that two questions must be addressed:

> First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "[A] court must confine fee awards to work done on the successful claims," *Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1535 (D.C. Cir. 1992); therefore where a plaintiff presents "in one lawsuit distinctly different claims for relief that are based on different facts and legal theories," *Hensley*, 461 U.S. at 434, 103 S. Ct. 1933, a court is required to separate the work done on successful claims from the work done on unrelated unsuccessful claims. In contrast, "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* at 440, 103 S. Ct. 1933. Thus where a plaintiff's claims for relief involve a "common core of facts" or are based on related legal theories, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S. Ct. 1933. The D.C. Circuit has explained that *Hensley* requires a two-step inquiry, whereby a court must first separate successful from unsuccessful claims before "consider[ing] whether the success obtained on the remaining claims is proportional to the efforts obtained by counsel." *Hyman*, 963 F.2d at 1535.

In determining whether and by how much a plaintiff's fee request should be reduced for work performed on unsuccessful claims, "'[t]here is no precise rule or formula for making [such] determinations." *Hensley*, 461 U.S. at 436-37, 103 S. Ct. 1933. A court may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the

limited success," and "the court necessarily has discretion in making this equitable judgment." *Id.*

### III: DISCUSSION

Defendant opposes Plaintiff's motion for attorney's fees on three grounds. First, Defendant asserts that Plaintiff did not prevail on all of her claims at summary judgment and is not entitled to recover attorney's fees for time spent on unsuccessful claims. Def.'s Resp. at 5-9. Second, Defendant argues that Plaintiff has not demonstrated the reasonableness of Plaintiff's counsel's requested $425 hourly rate, the hours expended by Plaintiff's counsel, or certain of Plaintiff's counsel's billing entries. *Id.* at 9-28. Finally, Defendant argues that Plaintiff has already been paid the maximum amount permissible under the applicable statutory fee cap, and that any award entered by this Court should therefore "include an acknowledgment that the District's ability to pay that award is limited by the current fee cap." *Id.* at 28-29 (emphasis omitted). The Court will address each of Defendant's arguments in turn.

As an initial matter, Plaintiff and Defendant are in agreement that the applicable congressional fee cap prevents the District of Columbia from paying attorney's fees in excess of $4,000 per action in IDEA cases. *See* District of Columbia Appropriations Act, 2006, 109 Pub. L. 115; 119 Stat. 2396 (2006); Pl.'s Sur-Rebuttal at 22; Def.'s Resp. at 28-29. In addition, DCPS has already paid Plaintiff $8,000 for the work performed in the two administrative hearings in this matter. Def.'s Resp. at 3. However, while the appropriations fee cap limits the District's ability to pay, it does not limit this Court's authority to award attorney's fees. *See Calloway v. Dist. of Columbia*, 216 F.3d 1, 12 (D.C. Cir. 2000). The Court will therefore continue to address Plaintiff's motion for attorney's fees, cognizant of the fact that DCPS' ability to pay any award

9

will be limited by the statutory fee cap.

Plaintiff disputes Defendant's claim that she did not prevail on all claims, asserting that "in both the administrative proceeding and in the judicial proceeding, plaintiffs made a full and complete recovery" because "throughout the long history of the case . . . the central and core issue was plaintiffs [sic] claim of an entitlement to 1200 hours of private tutoring for the student." Pl.'s Sur-Rebuttal at 2. Plaintiff's assertion is accurate with respect to each of the administrative proceedings. It is undisputed that the only remedy Plaintiff sought in her initial May 28, 2003 Due Process hearing was 1200 hours of compensatory tutoring for A.T. (200 hours per academic year for each of the six years that A.T. was denied FAPE). Compl. ¶ 43. Further, the administrative proceedings that transpired on remand following the cross-motions for summary judgment focused "on the amount of assistance required to put A.T. in the position he should have been in had he not been denied FAPE from June 1996 to September 2002." *Thomas*, 407 F. Supp. 2d at 116. In each administrative proceeding, therefore, the core issue was A.T.'s entitlement to compensatory services for the denial of FAPE, and the sole remedy sought was 1200 hours of one-on-one tutoring.

In the judicial proceeding, however, Plaintiff's Complaint included ten Counts, eight of which alleged various procedural infirmities related to the May 28, 2003 Due Process hearing, and only two of which asserted that the Hearing Officer had incorrectly applied the law with respect to Plaintiff's request for 1200 hours of compensatory tutoring. *Id.* at 105-06. Plaintiff's Complaint also sought eight separate forms of relief, including "that the Court declare that DCPS's arrangement with its current hearing officers make those hearing officers DCPS employees; that the Court enjoin DCPS from assigning Due Process hearing cases to DCPS

employees," and four other forms of declaratory and injunctive relief focused solely on Plaintiff's allegations of procedural improprieties in the administrative process. Compl. at 18. Moreover, Plaintiff's Motion for Summary Judgment, which raised only some of the claims alleged in her Complaint, included five different arguments: (1) that the Hearing Officer was biased in favor of DCPS; (2) that the Hearing Officer engaged in *ex parte* communication with DCPS; (3) that DCPS's arrangement with the Hearing Officer ensured that the Hearing Officer was a DCPS "employee"; (4) that the June 30, 2003 H.O.D. and subsequent rulings were not supported by fact and were erroneous as a matter of law; and (5) that the Hearing Officer wrongfully delayed ruling on Plaintiff's Motion to Reconsider until the right to appeal had apparently expired. *Thomas*, 407 F. Supp.2d at 109.

  Although "there is no certain method of determining when claims are "related" or "unrelated,"" *Hensley*, 461 U.S. at 437 n.12, 103 S. Ct. 1933, where one lawsuit presents "distinctly different claims for relief that are based on different facts and legal theories," such claims may be considered "unrelated," *id.* at 434-35. Here, Plaintiff's Motion for Summary Judgment included "two major questions;" first, "whether the integrity of the proceedings was compromised because the Hearing Officer was biased," and second, "whether the H.O.D. was legally and factually supported." *Thomas*, 407 F. Supp. 2d at 109. While all of Plaintiff's arguments on summary judgment aimed at securing a reversal of the Hearing Officer's June 30, 2003 H.O.D., Plaintiff's claims involved two very different legal frameworks and separate factual predicates. Plaintiff's claims with respect to bias required Plaintiff to overcome a "presumption of honesty and integrity" on the part of the Hearing Officer by showing "substantial countervailing reasons" indicating bias. *Id.* (citation omitted). In addressing these

claims, the Court was called upon consider to the Hearing Officer's Order on Plaintiff's Motion for Reconsideration, allegations of *ex parte* communications by the Hearing Officer, and Plaintiff's assertion that the Hearing Officer was properly considered a DCPS employee, all of which stemmed from events occurring after the May 28, 2003 Due Process hearing. *Id.* at 109-14. In contrast, Plaintiff's claim that the June 30, 2003 H.O.D. was not legally and factually supported relied on an argument that the Hearing Officer improperly applied *res judicata* to A.T.'s compensatory education claim requiring the Court to investigate the H.O.D.s preceding the May 28, 2003 Due Process Hearing, as well as the Due Process hearing itself. *Id.* at 114-16.

As such, the Court concludes that Plaintiff's Motion for Summary Judgment was comprised of four claims related to her allegation of bias and one unrelated claim that the Hearing Officer improperly applied the law in considering A.T.'s request for 1200 hours of compensatory tutoring. While Plaintiff's request for 1200 hours of compensatory tutoring for A.T. may have been the "central and core issue" of the two administrative proceedings, Plaintiff's Motion for Summary Judgment clearly included an additional four unrelated claims, on which Plaintiff was ultimately unsuccessful because this Court conclusively rejected all of Plaintiff's claims of bias on the part of the Hearing Officer. *Id.* at 109-10. As Plaintiff's counsel's work on these four unsuccessful claims "cannot be deemed to have been expended in pursuit of the ultimate result achieved," *Hensley*, 461 U.S. at 435, 103 S. Ct. 1933 (citation omitted), this Court is required to limit Plaintiff's fee request to work performed on Plaintiff's sole successful claim.

With respect to that sole claim – that the Hearing Officer improperly limited the period for which compensatory education was due to A.T. – Plaintiff is a "prevailing party" because she

ultimately "obtained the long sought 1200 hours of private tutoring," Pl.'s Sur-Rebuttal at 2, and thus achieved a "material alteration of the legal relationship of the parties," *Buckhannon*, 532 U.S. at 604, 121 S. Ct. 1835.  Plaintiff is therefore entitled to recover attorney's fees for work expended on this claim, including work performed in connection with the two administrative hearings as well as work performed in pursuing this successful claim in the motion for summary judgment.  The Court is unable to determine the proper amount of such fees, however, because Plaintiff's counsel's bills only distinguish between the administrative and judicial proceedings, and not between work devoted to individual claims.  *See* Pl.'s Reply Attachments 1-5.  In addition, Defendant has raised a number of challenges to the reasonableness of Plaintiff's fee request.  Specifically, Defendant contests the $425 hourly rate requested by Plaintiff's counsel, the number of hours expended by Plaintiff's counsel, and the manner in which Plaintiff's counsel's timesheets record specific charges.  Def.'s Resp. at 9-28.

Having determined that Plaintiff is only entitled to attorney's fees for work performed on Plaintiff's successful claim, the Court shall refer Plaintiff's Motion for Payment of Attorney's Fees and Costs to Magistrate Judge Kay for a Report and Recommendation regarding the proper fee award, in light of both Plaintiff's limited success and Defendant's arguments concerning the reasonableness of Plaintiff's fee request.  This referral shall be made pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1)(B), and Local Rule of Civil Procedure 72.3(a).

### IV: CONCLUSION

For the reasons set forth above, the Court shall refer this matter to Magistrate Judge Kay for a Report and Recommendation regarding the disposition of Plaintiff's Motion for Payment of Attorney's Fees and Costs, in light of both Plaintiff's limited success and Defendant's arguments

concerning the reasonableness of Plaintiff's fee request.  An appropriate Order accompanies this

Memorandum Opinion.


Date:   November 6, 2006

                                              /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge