UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA ANN THOMAS, as mother and next friend of A.T., a minor,<br><br>      Plaintiff,<br><br>      v.<br><br>DISTRICT OF COLUMBIA,<br><br>      Defendant. | Civil Action No. 03-1791 (CKK) |

**MEMORANDUM OPINION**
(March 22, 2007)

Currently before the Court is Magistrate Judge Alan Kay's March 2, 2007 Report and Recommendation (hereinafter "Magistrate Judge Kay's Report"), pursuant to Local Civil Rule 72.3(a), on Plaintiffs' Motion for Payment of Attorney's Fees and Costs for Court Proceedings, as limited by this Court's November 6, 2006 Memorandum Opinion.  Defendant, the District of Columbia (hereinafter "the District"), has filed Objections to Magistrate Judge Kay's Report and Recommendation, as provided for in Local Civil Rule 72.3(b).  Upon searching consideration of the pleadings filed by each party, Magistrate Judge Kay's Report, the relevant case law and statutes, and the entire record herein, the Court shall adopt the well-reasoned and thorough Report of Magistrate Judge Kay, except the Court shall reduce further the amount sought to reflect Plaintiff's partial success on the merits in the judicial proceeding.  The Court shall only address herein two findings objected to by the District – Plaintiff's counsel's use of quarter-hour billing increments and Plaintiffs' partial success on the merits.  With respect to these issues, the Court shall adopt Magistrate Judge Kay's recommendation that the District's challenge to

Plaintiff's counsel's quarter-hour billing increments be denied, but shall limit Plaintiff's recovery of fees relating to the preparation of the Complaint, Motion for Summary Judgment, and Reply to that motion to 1/3 of the amount sought, to reflect Plaintiff's partial success on the merits. Accordingly, the Court shall grant-in-part and deny-in-part Plaintiff's Motion for Payment of Attorney's Fees and Costs.

## I: BACKGROUND

The Court expressly adopts and incorporates by reference herein the Court's July 29, 2005 Memorandum Opinion denying-in-part Plaintiff's Motion for Summary Judgment and granting-in-part and denying-in-part Defendant's Cross-Motion for Summary Judgment, *Thomas v. District of Columbia*, 407 F. Supp. 2d 102 (D.D.C. 2005) (hereinafter "July 29, 2005 Opinion"), as well as the Court's November 6, 2006 Memorandum Opinion addressing Plaintiffs' Motion for Payment of Attorney's Fees and Costs, *Thomas v. District of Columbia,* Civ. A. No. 03-1791, 2006 WL 3220614 (D.D.C. Nov. 6, 2006) (hereinafter "November 6, 2006 Opinion"). As each of those Memoranda Opinions includes an extensive discussion of the facts underlying this action, the Court will only set forth herein the facts relevant to the Report and Recommendation currently under review.

Plaintiff 's action is based on claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. (2000). On July 29, 2005, this Court issued a Memorandum Opinion denying-in-part Plaintiff's Motion for Summary Judgment and granting-in-part and denying-in-part Defendant's Cross-Motion for Summary Judgment, and remanded the case back to the administrative level with instructions that "[o]n remand, the administrative proceedings should focus on the amount of assistance required to put [Plaintiff] in the position he

should have been in had he not been denied [free and appropriate public education (FAPE)] from June 1996 to September 2002." July 29, 2005 Op., 407 F. Supp. 2d at 116. The Court summarized Plaintiff's Motion for Summary Judgment as follows:

> Plaintiff's appeal raises two major questions. The first question is whether the integrity of the proceedings was compromised because the Hearing Officer was biased. The second question is whether the [Hearing Officer Determination] was legally and factually supported. While Plaintiff does not present sufficient evidence to establish Hearing Officer bias, the Court finds that the Hearing Officer impermissibly limited the time period for which compensatory education could be awarded.

*Id.* at 109. On remand, the District of Columbia Public Schools ("DCPS") Hearing Officer ordered the parties to reconvene an MDT/IEP meeting, and the MDT/IEP team subsequently met and awarded Plaintiff 1200 hours of private individual tutoring in satisfaction of his entitlement to compensatory education. Nov. 6, 2006 Op., 2006 WL 3220614 at *3. Subsequently, Plaintiff's counsel submitted his statement for attorney's fees directly to DCPS' Office of General Counsel and, after receiving no response, Plaintiff filed her Motion for Payment of Attorney's Fees and Costs with this Court on March 2, 2006. *Id.* The District opposed Plaintiff's Motion for Attorney's Fees on a number of grounds. *Id.*

On November 6, 2006, this Court issued a Memorandum Opinion noting that "where a plaintiff presents in one lawsuit distinctly different facts and legal theories, a court is required to separate the work done on successful claims from the work done on unrelated unsuccessful claims." *Id.* at *4 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d. 40 (1983) (internal quotation omitted)). The Court continued to determine that in each administrative proceeding, the core issue was Plaintiff's entitlement to compensatory services for the denial of FAPE, and the sole remedy sought was 1200 hours of one-on-one tutoring. *Id.* at

*5. With respect to the judicial proceeding, however, the Court noted that Plaintiff's Complaint included ten Counts – only two of which asserted that the Hearing Officer had incorrectly applied the law with respect to Plaintiff's request for 1200 hours of compensatory tutoring – and also sought eight separate forms of relief. *Id.* at *6. The Court further concluded that Plaintiff's Motion for Summary Judgment included five different arguments – four claims related to her allegation of bias, which the Court rejected in its July 29, 2005 Opinion, and one unrelated claim that the Hearing Officer improperly applied the law in considering Plaintiff's request for 1200 hours of compensatory tutoring, on which the Court granted Plaintiff's Motion for Summary Judgment. *Id.* at *7. As Plaintiff's counsel's work on the four unsuccessful claims could not "be deemed to have been expended in pursuit of the ultimate result achieved," this Court concluded that it was required to limit Plaintiff's fee request to work performed on Plaintiff's sole successful claim. *Id.* (citing *Hensley*, 461 U.S. at 435, 103 S. Ct. 1933).

The Court therefore determined that Plaintiff was entitled to recover attorney's fees for work expended on the successful claim, including work performed in connection with the two administrative hearings as well as work performed in pursuing this successful claim in the Motion for Summary Judgment. *Id.* The Court noted, however, that it was unable to determine the proper amount of such fees because Plaintiff's counsel's bills only distinguish between the administrative and judicial proceedings, and not between work devoted to individual claims. *Id.* In addition, the Court noted that Defendant raised a number of challenges to the reasonableness of Plaintiff's fee request, including the $425 hourly rate requested by Plaintiff's counsel, the number of hours expended by Plaintiff's counsel, and the manner in which Plaintiff's counsel's timesheets record specific charges. *Id.* As such, the Court referred Plaintiff's Motion for

Payment of Attorney's Fees and Costs to Magistrate Judge Kay for a Report and Recommendation regarding the proper fee award, "in light of both Plaintiff's limited success and Defendant's arguments concerning the reasonableness of Plaintiff's fee request." *Id*. Magistrate Judge Kay issued his Report and Recommendation on March 2, 2007. *Thomas v. District of Columbia*, Civil Action No. 03-1791, Report and Recommendation (D.D.C. Mar. 2, 2007). The District filed its Objections to Magistrate Judge Kay's Report on March 15, 2007, Def.'s Obj. to Mag. Judge R&R (hereinafter "Def.'s Obj."), and Plaintiff responded to the District's Objections the same day.

## II: DISCUSSION

The Court finds Magistrate Judge Kay's March 2, 2007 Report and Recommendation to be well-reasoned and thorough. The Court further notes that the District's Objections generally consist of arguments already raised in its Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees, Response to Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Attorneys' Fees, or Notice of Praecipe, all of which Magistrate Judge Kay considered in his Report. As such, the Court shall only address herein two findings objected to by the District – Plaintiff's counsel's use of quarter-hour billing increments and Plaintiffs' partial success on the merits.

    *A.*    *Quarter-Hour Billing Increments*

In its Response, the District challenged Plaintiff's counsel's practice of billing in quarter-hour increments rather than six-minute increments, and suggested a 5% reduction of fees on the grounds that Plaintiff's counsel's billing practice is less accurate. Def.'s Resp. at 19-20. Magistrate Judge Kay recommended against this suggestion in his Report, finding that the

District's "challenge to the quarter hour increment billing lacks specificity." Report and Recomm. at 8-9.  The District objects to this recommendation, arguing that the United States District Court for the District of Columbia has previously disallowed such a billing practice and asserting that Magistrate Judge Kay inappropriately shifted the burden to the District of demonstrating that Plaintiff is not entitled to the fees sought rather than leaving Plaintiff with the burden of demonstrating an entitlement to the fees sought.  Def.'s Obj. at 4-5.

The District is correct that courts in this District and others have reduced attorneys' fees on the grounds that billing in increments smaller than quarter-hours is more accurate. *See Blackman v. Dist. of Columbia*, 59 F. Supp. 2d 37, 44 (D.D.C. 1999); *Bd. of Educ. of Frederick County v. I.S.*, 358 F. Supp. 2d 462, 470 (D. Md. 2005).  However, other courts in this District have declined to do so "where it is the regular practice of the law firm to bill in quarter-hour increments." *Jane Does I, II, and III v. Dist. of Columbia*, 448 F. Supp. 2d 137, 142 (D.D.C. 2006) (declining to reduce attorneys' fees in Title VII action).   Here, Plaintiff's counsel asserts that it has been his "long established practice to make time entries in quarter-hour segments" and that "[o]ver the past many years quarter-hour entry timesheets have been submitted to DCPS without objection."  Pl.'s Sur-Rebuttal at 17.[1]  Plaintiff's counsel further asserts that had he been "on notice of such an objection, the matter could have been resolved

---

[1] The Court notes that, in this respect, *Blackman* is inapposite because, while generally billing in quarter-hour increments, plaintiff's counsel in that case had in "a couple of instances" billed in ten-minute or six-minute increments. *Blackman*, 59 F. Supp. 2d at 44 n.5. As such, the court in that case advised plaintiff's counsel that "[i]n the future, the Court will not award fees where plaintiffs' counsel has not calculated his time in tenth-hour increments." *Id.* Moreover, the *Blackman* court did not expressly disallow counsel's billing in quarter-hour increments, but rather invited defendants to "submit a response addressing specifically the reasonableness of the hours expended." *Id.* at 44.

before plaintiffs made their time entries." *Id.* The District asserts that "because DCPS may have erred in the past does not mean that such a practice may be condoned by a reviewing court." Def.'s Obj. at 5. Nevertheless, as Plaintiff's counsel appears to have previously billed in quarter-hour increments without objection from DCPS, and therefore was not on notice that DCPS would object to such billing practice, the Court declines to reduce Plaintiff's fee award due to counsel's billing in quarter-hour increments.

The Court notes, however, that the October 1, 2006 DCPS Guidelines for the payment of attorney's fees in IDEA matters, submitted along with the District's October 2, 2006 Praecipe, states that attorneys' invoices "must provide a total number of hours, in 1/10 hour increments." Def.'s Praecipe, Ex. 3 (10/1/06 DCPS Guidelines) at 2. As such, Plaintiff's counsel's argument that he lacked notice of the District's objection to billing in quarter-hour increments may not carry weight in the future.

      B.      *Partial Success on the Merits*

The District also objects to Magistrate Judge Kay's recommendation that plaintiff's attorneys' fees be reduced by 50% because of Plaintiff's partial success on the merits during the judicial proceeding. Def.'s Obj. at 10-11. As detailed above, the Court's November 6, 2006 Memorandum Opinion determined that Plaintiff's Motion for Summary Judgment included five different arguments – four claims related to her allegation of bias, which the Court rejected, and one unrelated claim that the Hearing Officer improperly applied the law in considering A.T.'s request for 1200 hours of compensatory tutoring, on which Plaintiff succeeded. Nov. 6, 2006 Op., 2006 WL 3220614 at *7. The Court further concluded that Plaintiff was entitled to recover attorney's fees for work expended on the successful claim, including work performed in

connection with the two administrative hearings as well as work performed in pursuing this successful claim in the Motion for Summary Judgment. *Id.* However, the Court was unable to determine the proper amount of such fees because Plaintiff's counsel's bills only distinguished between work related to the administrative and judicial proceeding, not between individual claims. *Id.*

In light of the foregoing, in his March 2, 2007 Report and Recommendation, Magistrate Judge Kay suggested that Plaintiff's recovery of fees be reduced by 50% for the hours spent preparing the Complaint, Motion for Summary Judgment, and Reply to that motion. Report and Recomm. at 20-21. The District continues to assert that "the amount should be reduced by 80%" "since Plaintiffs achieved success in only 1/5th of the counts set forth in their Complaint, and only succeeded in 1/5th of the claims made in their Motion for Summary Judgment." Def.'s Obj. at 10. Upon consideration, the Court shall reduce Plaintiff's recovery of fees for the hours spent preparing the Complaint, Motion for Summary Judgment, and Reply to that motion to 1/3 of the fees sought. As the Court noted in its July 29, 2005 Memorandum Opinion on Plaintiff's Motion for Summary Judgment, "Plaintiff's appeal raise[d] two major questions." July 29, 2005 Op., 407 F. Supp. 2d at 109. However, those "two major questions" did not comprise equal portions of Plaintiff's Complaint and Motion for Summary Judgment – Plaintiff ultimately succeeded on only two of ten claims in her Complaint and one of five arguments raised in her Motion for Summary Judgment. Nov. 6, 2006 Op., 2006 WL 3220614 at *6.

In determining whether and by how much a plaintiff's fee request should be reduced for work performed on unsuccessful claims, "there is no precise rule or formula for making [such] determinations." *Hensley*, 461 U.S. at 436-37, 103 S. Ct. 1933. A court may "attempt to identify

specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.*  Furthermore, "the court necessarily has discretion in making this equitable judgment." *Id.*  As the Court is unable to identify specific hours to be eliminated from Plaintiff's counsel's bills, the Court shall reduce Plaintiff's recovery of fees related to the Complaint, Motion for Summary Judgment, and Reply to that motion to 1/3 of the fees sought.  The Court believes this reduction strikes the appropriate balance between Plaintiff's contention that she achieved success on "the central and core issue [of] plaintiffs [sic] claim of an entitlement to 1200 hours of private tutoring for the student," Pl.'s Sur-Rebuttal at 2, and the fact that that success represented only one of five claims asserted in her Motion for Summary Judgment.  The Court shall therefore reduce Plaintiff's recovery for hours spent preparing the Complaint, Motion for Summary Judgment, and Reply to that motion to $10,080.  Accepting all of the other reductions set forth in Magistrate Judge Kay's Report and Recommendation, this reduction for partial success on the merits results in total fees for the judicial proceeding of $18,585.

      C.      *Statutory Fee Cap*

As the Court noted in its November 6, 2006 Memorandum Opinion, the applicable congressional fee cap prevents the District of Columbia from paying attorney's fees in excess of $4,000 per action in IDEA cases.  Nov. 6, 2006 Op., 2006 WL 3220614 at *5.  DCPS has already paid Plaintiff $8,000 for the work performed in the two administrative hearings in this matter, *id.*, and as the D.C. Circuit has recently held, "the administrative hearing and the judicial review comprise[] a unitary action for purposes of the fee-shifting provision," *Jester v. Gov't of the Dist. of Columbia*, 474 F.3d 820, 822 (D.C. Cir. 2007).  Thus, Plaintiff cannot recover more than the $8,000 that the District has already paid for the work performed in the two administrative

hearings. However, while the appropriations fee cap limits the District's ability to pay, it does not limit this Court's authority to award attorney's fees. *See Calloway v. Dist. of Columbia*, 216 F.3d 1, 12 (D.C. Cir. 2000).

## CONCLUSION

For the reasons set forth above, pursuant to Local Civil Rule 72.3(c), the Court shall adopt Magistrate Judge Kay's March 2, 2007 Report and Recommendation, with the exception of his recommendation as to a reduction in attorneys' fees in light of Plaintiff's partial success on the merits in the judicial proceeding. The Court shall reduce Plaintiff's recovery of fees relating to the preparation of the Complaint, Motion for Summary Judgment, and Reply to that motion to 1/3 of the amount sought, to account for Plaintiff's limited success in the judicial proceeding. Factoring in the rate and fee reductions recommended by Magistrate Judge Kay, the Court shall award Plaintiff $25,360 in legal fees for the administrative proceedings, and $18,585 in legal fees for the judicial proceeding, for a total of $43,945 in legal fees, which shall be reduced by $8,000 to reflect payment already received. In addition, the Court shall award Plaintiff $313 in costs. Accordingly, the Court shall grant-in-part and deny-in-part Plaintiff's Motion for Payment of Attorney's Fees and Costs. An appropriate Order accompanies this Memorandum Opinion.

Date: March 22, 2007

                 /s/
                COLLEEN KOLLAR-KOTELLY
                United States District Judge